[No. 4163–8–III. Division Three. December 29, 1981.]

KAREN THOMAS, ET AL, *Respondents*, v. JACK FRENCH, ET AL, *Appellants*.

812

*John O. McLendon, Bruce A. Kaiser,* and *Hagan, Van Camp & McLendon,* for appellants.

*Hugh T. Lackie, Constance D. Gould,* and *Anderson, Evans, Craven, Lackie & Henderson,* for respondents.

PEARSON, J.—Defendants appeal from an adverse jury verdict and judgment in a breach of contract action brought by plaintiffs. The primary issues concern the applicability of the Consumer Protection Act, RCW 19.86, to a breach of a private contract, and the propriety of allowing the jury to consider the negligent infliction of emotional distress as an element of damages. We affirm and remand for a factual

determination of attorney's fees for the appeal.

Defendants French operate the "Spokane School of Hair Design," which trains students in cosmetology. The plaintiffs Thomas, Vance, and Clarke, are former students of the school who enrolled, paid tuition, and then dropped from school after several weeks. All claimed the instruction of the school was inadequate. This action was brought claiming breach of contract and violation of the Consumer Protection Act, RCW 19.86.010 *et seq.* Shortly before trial, the court allowed plaintiffs to amend the pleadings to allege negligent infliction of emotional distress. By counterclaim, defendants alleged defamation based upon a written letter of complaint the plaintiffs and other students had sent to the Director of Licensing, a state official charged with licensing of cosmetologists and schools teaching cosmetology. RCW 18.18.010 *et seq.*

The case was tried to a jury. After extensive testimony, the court denied defense motions to dismiss. The jury was instructed on all of plaintiffs' theories. By special interrogatories, the jury found for each plaintiff on each theory, and awarded plaintiff Clarke damages of $5,439, plaintiff Vance (Bayne) damages of $4,874.80, and plaintiff Thomas $4,281.70. Thereafter the trial court increased the award for each plaintiff by $1,000 under the treble damage provision of RCW 19.86.090. The court also allowed a cost judgment of $935.94 and an attorney fee award of $12,000 under authority of RCW 19.86.090 of the Consumer Protection Act.

While defendant challenges several instructions given by the court and one evidentiary ruling, the primary contentions are threefold: (1) the Consumer Protection Act did not apply as a matter of law; (2) plaintiffs did not factually establish a cause of action for negligent infliction of mental distress; and (3) since plaintiffs voluntarily withdrew from school, they failed to fulfill a condition precedent to an action for breach of contract by defendant. We will address these issues in order following a brief recitation of the facts. *Levy v. North Am. Co. for Life & Health Ins.*, 90 Wn.2d

846, 586 P.2d 845 (1978).

The contract itself required the school to qualify students for the state cosmetology examination. Schools of cosmetology and the practice of cosmetology are strictly regulated by statute and regulations. RCW 18.18; WAC 308–24. Among other requirements, these laws and regulations require schools to offer 1 year of instruction (RCW 18.18.010(10)) which by rule requires 2,000 hours of instruction over 365 days; WAC 308–24–300. The school is required to have an approved curriculum in theory and practical application, RCW 18.18.190, and the school is not permitted to charge for students' work done on customers until the students have completed 400 hours instruction and practice. RCW 18.18.210. Students are not to provide services to customers except under the direct supervision of a licensed manager–operator and instruction is to be furnished by licensed manicurists or operators. RCW 18.18-.260.

The evidence viewed in a light favorable to the plaintiffs was sufficient to warrant the jury in finding that virtually all of these statutory requirements were violated during the summer and fall of 1978 and the spring of 1979. By special interrogatories, the jury did find against defendant on each of the statutory violations set forth above.

The students testified they received little or no instruction on theory, although they were promised 1 hour per day. They testified the school was in a constant state of confusion, and they spent much time, for which credit was given, sitting around, painting, or doing laundry. There was a frequent turnover in teachers and managers, and they received inconsistent and contradictory instruction. They were required to do hairstyling for customers before they had completed 400 hours of instruction, and without any supervision by licensed operators. The students attributed nervousness, anxiety, and physical ailments to the problems at school, which resulted in their poor attendance and the ultimate withdrawal from school. The students attempted a sit–down strike to force defendant French into taking

remedial action, but when this failed to achieve results, 22 of the students sent the letter of complaint to the Director of Licensing.

The testimony of Dolores Spice was particularly damaging to defendant. Ms. Spice, the executive secretary for the Cosmetology Examining Committee, investigated the students' complaints and confirmed their legitimacy. She stopped short of calling defendant's statutory violations "willful," but did conclude the school was in a state of confusion and the students were "very uptight and extremely unhappy." She also confirmed the numerous statutory violations outlined above.

It was undisputed that plaintiffs dropped out of school before completing the course and were unable to enroll elsewhere until an average of 3 months after they dropped out. Each enrolled in the cosmetology program at Spokane Community College, eventually completed the course, and passed the state examination. Interestingly, the community college gave credit for the hours each spent in defendant's school. However, each graduated several months later than anticipated had they completed the course at defendant's school. It was this delay based upon the minimum wage each would have earned during the first several months of practice that furnished the basis for the damages allowed by the jury.

### APPLICABILITY OF THE CONSUMER PROTECTION ACT

The Consumer Protection Act, RCW 19.86, applies where the conduct complained of is (1) unfair or deceptive, (2) within the sphere of trade or commerce, and (3) has an impact on the public interest. *Anhold v. Daniels,* 94 Wn.2d 40, 614 P.2d 184 (1980). In the case at bench, the trial court ruled that requirements (2) and (3) were established as a matter of law, and submitted to the jury whether defendant had committed an "unfair or deceptive" act as to these plaintiffs. We agree with this ruling.

The facts clearly established that the case was within the

sphere of trade or commerce, as the contract between the parties was a nonexempt private contract for sale of goods or services. *See Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978).

In *Salois v. Mutual of Omaha Ins. Co., supra,* the court concluded that any unlawful action against public policy, as declared by the legislature or the judiciary, satisfies the "public interest" requirement of the Consumer Protection Act. Absent a legislative or judicial declaration of public policy, the Supreme Court has deemed the "public interest" requirement satisfied where damages result from a deceptive act or practice in the conduct of trade or commerce where the "deceptive acts or practices have the potential for repetition." *Anhold v. Daniels, supra* at 46. Both "public interest" aspects of *Salois* and *Anhold* are satisfied in this case.

Here the jury was warranted in finding that defendant induced plaintiffs to enroll in the cosmetology school on the basis its curriculum and training would comport with state law and qualify them for the state examination. If the representations were found to be untrue and plaintiffs suffered damages, defendant's acts or practices would as a matter of law have a potential for repetition and would violate the public policy implicit in the regulatory provisions of RCW 18.18. The provisions of this statute are intended to protect not only the health and safety of the public, but also to establish the qualifications of the students who would be serving the public while students and later when licensed as cosmetologists. *See Dempsey v. Joe Pignataro Chevrolet, Inc.,* 22 Wn. App. 384, 589 P.2d 1265 (1979). We conclude the trial court's ruling was correct. The jury's determination that defendant committed unfair or deceptive acts or practices was supported by substantial evidence and submitted to the jury under proper instructions. In view of the jury's determination, we need not decide whether defendant committed a per se violation of the Consumer Protection Act which would have justified a directed verdict on this issue. *Dempsey v. Joe Pignataro*

*Chevrolet, Inc., supra.*

### INFLICTION OF MENTAL DISTRESS

The infliction of emotional distress has only recently been added as an element of damages for breach of contract. *Cooperstein v. Van Natter*, 26 Wn. App. 91, 611 P.2d 1332 (1980); Restatement of Contracts § 341 (1932); *cf. Cherberg v. Peoples Nat'l Bank*, 88 Wn.2d 595, 564 P.2d 1137 (1977). To support the element, it is clear the contract breach must either be intentional (*Cherberg v. Peoples Nat'l Bank, supra*) or wanton or reckless, and the defendant must have reason to know, when the contract was made, that a breach would cause mental suffering for reasons other than pecuniary loss. *Cooperstein v. Van Natter, supra.*

In this case, the jury was instructed on a negligence standard rather than an intentional or a wanton or reckless standard. This was incorrect. However, defendant did not take exception to the instruction as to its content, nor offer a correct one. Therefore, the instruction given became the law of the case. *Batten v. South Seattle Water Co.*, 65 Wn.2d 547, 398 P.2d 719 (1965).

However, defendant makes a twofold argument concerning the mental distress issue. First, the trial court should not have allowed the pretrial amendment to include this element, and second, there was insufficient evidence to warrant its submission to the jury. We find no error in either ruling. The pretrial amendment was within the discretion of the trial court. *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 423 P.2d 624, 38 A.L.R.3d 315 (1967). We find no abuse of discretion where defendant is unable to demonstrate prejudice other than the additional inconvenience of meeting a new claim.

Defendant contends he did not have fair notice of this claim. However, this contention was not supported by a motion for a continuance. We find no manifest abuse of discretion. *Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 573 P.2d 1316 (1978).

Second, defendant argues the evidence was not sufficient to establish his breach of contract as wanton or reckless, nor did plaintiffs establish their emotional distress with an appropriate quantum of expert opinion to justify submission of the issue to the jury. We disagree.

■ Viewed in a light most favorable to the plaintiffs, the jury could determine that defendant's actions were a deliberate attempt to enhance his profits by exploiting plaintiffs. This determination was inferable from the evidence that defendant charged customers for student services when the students were not properly trained and were without adequate supervision. These actions by defendant were deliberate violations of the law and hence exceeded the wanton or reckless standard. *Cherberg v. Peoples Nat'l Bank, supra.*

Contrary to defendant's position, we do not think it necessary for plaintiffs to establish emotional or mental distress by medical or expert testimony. Defendant cites no authority for such a rule. In our opinion, testimony that plaintiffs were required to violate the law as a part of their training was sufficient evidence to support their claim of emotional distress. We hold it reasonably foreseeable that such conduct could cause mental or emotional distress.

### DID THE CONTRACT CONTAIN AN UNFULFILLED CONDITION PRECEDENT?

While defendant's argument is unclear, it appears to suggest that staying in school until the mandatory 2,000 hours had accrued is a condition precedent to a claim of breach. We disagree. *Ross v. Harding,* 64 Wn.2d 231, 236, 391 P.2d 526 (1964) stated:

"Conditions precedent" are those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available. 3A Corbin, Contracts § 628, p. 16; *Partlow v. Mathews,* 43 Wn. (2d) 398, 261 P. (2d) 394 [1953].

■ From the day the plaintiffs began school, they had a

right to immediate performance, a right to assume that all statutory and contractual obligations would be fulfilled. Moreover, conditions precedent are not favored by the courts and will not be implied. *Fischler v. Nicklin,* 51 Wn.2d 518, 523, 319 P.2d 1098 (1958). If plaintiffs established defendant's breach of their agreement to furnish proper cosmetology instruction, plaintiffs would be excused from their obligation to complete the course. Such a breach would give rise to an immediate action. *See Harrison v. Puga,* 4 Wn. App. 52, 480 P.2d 247, 46 A.L.R.3d 415 (1971). The jury found such a breach. There was substantial evidence to support the finding.

## EVIDENTIARY RULING

Defendant contends the trial court erroneously allowed in evidence the letter of complaint sent by the plaintiffs to the Director of Licensing. We find no error. At the time it was admitted, the letter was clearly relevant to defendant's cross claim (later abandoned) for defamation because it was the basis of that claim. It was also relevant, not to show the truth of the allegations contained in it, but to demonstrate general student dissatisfaction with the conduct of the school. ER 401 and 402.

## DAMAGES

Finally, defendant appears to argue there was insufficient proof of damages to warrant submission of the case to the jury. In effect, the jury accepted plaintiffs' testimony that the delay in completing their education because of defendant's breach of contract cost them the minimum wage for a fixed period of time. This testimony furnished a sufficient basis for the jury to measure the damages which were reasonably foreseeable as a consequence of the breach of contract. The rule is now firmly established that once the fact of damage is established, the precise amount need not be shown with mathematical certainty. Evidence of damage is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture. *Moore v. Smith,* 89 Wn.2d 932, 578

P.2d 26 (1978).

Defendant makes other arguments pertaining to the instructions which we find either not properly preserved or without substantial merit. Under the Consumer Protection Act, respondents are entitled to attorney's fees on appeal. In this respect, we believe the trial court is in a better position to evaluate this issue with an evidentiary hearing, if necessary. Accordingly, the judgment is affirmed in all respects; the case is remanded to the trial court for a determination of reasonable attorney's fees for each respondent for this appeal.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied January 28, 1982.

Review granted by Supreme Court April 9, 1982.