[No. 5069-6-III.   Division Three.   May 31, 1983.]

MARIA LEIJA, *as Personal Representative, Appellant*, v. MATERNE BROTHERS, INC., *Respondent.*

*Mark Fortier* and *Monty Futch,* for appellant.

*Norman R. Nashem, Jr.,* and *Nashem, Prediletto, Brooks, Schussler & Halpin,* for respondent.

ROE, C.J.—This is a wrongful death action. Maria Leija appeals an order entered on cross motions for partial summary judgment.

Defendant Materne Brothers, Inc., contracted to repair a section of road in Yakima County. The contract incorporated by reference the document, Department of Hwys., State Hwy. Comm'n, *Standard Specifications for Road and Bridge Construction* (1977). Juan Leija, Maria's husband, was killed when he drove his car into one of Materne's machines which was engaged in road repair.

In 1980, Maria Leija filed her first wrongful death action alleging breach of contract or negligence. She moved for a partial summary judgment on the contract claim, requesting the court find Materne was an insurer of the traveling public. This was based on the following language in the contract between Materne and the State under section 1–07, *Legal Relations and Responsibilities to the Public,* subsection 1–07.23(3): "[T]he Contractor and his Surety shall be liable for injuries and damages to persons and property suffered by reason of the Contractor's *operations* or any negligence in connection therewith." (Italics ours.) That motion was denied and the first suit was voluntarily dismissed on June 5, 1981.

On June 11, 1981, Leija filed her second suit for wrongful death, again alleging breach of contract and negligence. Materne's answer raised the defense of res judicata. Leija moved to strike the res judicata defense. Materne moved for partial summary judgment to dismiss Leija's first claim,

breach of contract. The trial court denied Leija's motion to strike the res judicata defense, finding it applied to the breach of contract claim. The court also granted Materne's motion to dismiss the contract action, holding res judicata applied and concluding Materne was not strictly liable. Leija appeals. This appeal is not concerned with the possible remaining action for common law negligence.

The first question presented is whether the trial court erred when it found res judicata applied to the contract claim. Res judicata requires, among other things, a final judgment on the merits. *Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 429 P.2d 207 (1967). The fact Leija's motion for partial summary judgment was denied in the first action does not mean Leija's claim was dismissed; it only means Leija was not entitled to a summary judgment. *Cf. Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 883, 652 P.2d 948 (1982) (denial of motion for partial summary judgment not final and appealable for purposes of RAP 2.2, but still eligible for discretionary review).

> The motion [for summary judgment] will be granted only if, after viewing the pleadings, depositions, admissions and affidavits and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-moving party, it can be stated as a matter of law that (1) there is no genuine issue as to any material fact, (2) all reasonable persons could reach only one conclusion, and (3) the moving party is entitled to judgment.

*Olympic Fish Prods., Inc. v. Lloyd*, 93 Wn.2d 596, 602, 611 P.2d 737 (1980). We conclude Leija was not granted a summary judgment because she failed to satisfy one or more of these requirements. Materne points to that part of the order which states: "[H]aving concluded the defendant Materne Brothers, Inc. is not strictly liable to the plaintiff as a third–party beneficiary of the contract between the defendants . . ." as support for the conclusion the first court decided as a matter of law Materne was not strictly liable. Both parties agree a nonmoving party *may* be entitled to summary judgment. *See Leland v. Frogge,* 71 Wn.2d

197, 427 P.2d 724 (1967). However, even if Materne was entitled to a summary judgment, there is no record it sought or received a summary judgment order of dismissal in the first action. CR 54(e). Therefore, there was not a final judgment on the merits in the first action as to the contract; res judicata cannot apply. This is consistent with the voluntary dismissal. The trial court erred in denying Leija's motion to strike the defense of res judicata.

Leija next contends her contract claim was based on two theories, liability as an insurer or liability for breach of third party beneficiary contract, but the court only addressed the insurer question. Therefore, she argues, the trial court erred when it granted Materne's motion for partial summary judgment, dismissing Leija's entire contract claim for failure to state a claim upon which relief could be granted. We agree.

The road construction contract required Materne to comply with the terms of the *Standard Specifications for Road and Bridge Construction.* By this contract, Materne assumed an obligation to the traveling public. "[A]n affirmative duty assumed by contract may create a liability to persons not party to the contract, where failure to properly perform the duty results in injury to them." *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 334, 582 P.2d 500 (1978). Although we agree the contract did not make Materne liable as an insurer, Leija has a valid claim for breach of contract to determine the appropriate standard of care. The contract stated under subsection 1–07.23(3): "[T]he Contractor and his Surety shall be liable for injuries and damages to persons and property suffered by reason of the Contractor's operations or any negligence in connection therewith." Leija argues the "or" creates liability for operations regardless of negligence. This ignores the remaining contract language; for example, the contractor was to provide safety devices under subsection 1–07.23(1) "as the Engineer may determine reasonably necessary to protect the life, health and safety . . ." and to provide flagmen, signs and barricades under subsection 1–07.23(3) "as are

necessary to warn and protect the public . . ." If the intent of the contract was to make the contractor an insurer, it could have used that word, and it would not say safety measures were to be used only as needed.

> Determination of the intent of the contracting parties is to be accomplished by viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.

*Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973). Viewing the contract as a whole, a correct interpretation would be that Materne was to provide safety devices and use precautions in its work as would be reasonably necessary to protect the State from liability to the traveling public. Leija, as a member of the traveling public, would be entitled to the benefit of that contract.

This case must be remanded to determine if Materne breached the standard of care imposed by the contract. Since it is not in issue before us, we express no opinion as to any claim Leija may have for common law negligence in addition to her contract claim.

The judgment of the trial court is reversed and this cause remanded for proceedings consistent herewith.

MUNSON and McINTURFF, JJ., concur.