[No. 12722–5–I. Division One. August 12, 1985.]

JONES ASSOCIATES, INC., *Appellant,* v. EASTSIDE
PROPERTIES, INC., ET AL, *Respondents.*

*Van Valin & Watts, Inc., P.S.,* and *Charles E. Watts,* for appellant.

*Waitt, Johnson & Martens* and *Richard L. Martens,* for respondents.

SWANSON, J.—Jones Associates, Inc., appeals the superior court judgment (1) dismissing its action[1] against Eastside Properties, Inc., et al., for money due under a professional services contract of $15,030 plus interest and (2) awarding Eastside Properties $7,500 for costs, expenses, and attorney fees. We reverse and remand for trial.

In early 1977 Jones Associates, an engineering, consulting, and surveying firm, and Eastside Properties, a real estate development corporation, entered into a professional

---

[1]Jones Associates' complaint sought foreclosure of a lien for engineering services. However, upon Eastside Properties' motion to dismiss that portion of the complaint, Jones Associates' counsel conceded that the lien foreclosure action could not be maintained because under *Swensson v. Carlton,* 17 Wn.2d 396, 403–06, 135 P.2d 450 (1943), the lien had not been filed within 90 days after completion of services as required by statute. The superior court judgment dismissed the lien foreclosure action with prejudice.

services agreement. The contract signed by the parties was a preprinted form commonly used by Jones Associates which was modified by an Eastside representative.

Under the contract for a $17,480 fixed fee, including short plat application fees, Jones Associates was to provide a feasibility study, master plan, nine record surveys, and nine short plats for Eastside's 180–acre land parcel. In May 1978 Jones Associates submitted Eastside's short plat application to the King County Building and Land Development Division, which in July 1978, gave its preliminary approval with numerous conditions attached. Eastside unsuccessfully appealed the conditions imposed.

To enable Eastside to comply with the imposed conditions, the parties entered into a June 19, 1979 amendment to the original contract, which amendment expressly incorporated all of the original contract's terms. For a $12,550 fixed fee, under the change order Jones Associates was to provide an updated feasibility study, a roadway plan and profile, a design for a water system if not provided by the water district, storm drainage plans submitted for approval, and revised short plats filed for recordation.

Jones Associates claims that it performed all required services under the original contract and the change order. According to Eastside Properties, however, the following two conditions precedent to payment were not met: the original and the updated feasibility studies were not proven to be satisfactory to Eastside, and King County final plat approval was not obtained.

Eastside paid $15,000 to Jones Associates in April 1980. In March 1981 Jones Associates brought a money due action against Eastside. At the time of trial Eastside's short plat application still had not been approved, and the extension period to obtain final county approval had expired.

At the end of the plaintiff's evidence the trial court granted Eastside's motion to dismiss the complaint and awarded Eastside $7,500 attorney fees pursuant to the par-

ties' contract.[2] The court's oral decision stated that the dismissal was based upon its interpretation of the unambiguous contract language that obtaining county approval was a condition precedent to contractual payment, which condition had not been met. Jones Associates' reconsideration motion was denied, and this appeal followed.

The issue is whether the trial court erred in dismissing Jones Associates' action against Eastside Properties. Eastside Properties claims that the following contract provision creates a condition precedent to payment: "Engineer shall be responsible for obtaining King County approval for all platting as set forth above." Jones Associates, however, contends that the provision is not a condition precedent but rather merely states that it was to perform all necessary engineering, consulting, and surveying services related to Eastside's short plat application. We conclude that the provision is a promise rather than a condition precedent; thus dismissing the action was error.

 Here upon the defendant's motion at the close of the plaintiff's case, the trial court dismissed the action as a matter of law and thus entered no findings of fact or conclusions of law. *See Spring v. Department of Labor & Indus.,* 96 Wn.2d 914, 918, 640 P.2d 1 (1982); *Logan v. Logan,* 36 Wn. App. 411, 415, 675 P.2d 1242 (1984). In such a case the appellate court, like the trial court, looks upon the plaintiff's evidence in its most favorable light and determines whether the trial court correctly applied the law in dismissing the action. *Rainier Ave. Corp. v. Seattle,* 76 Wn.2d 800, 803, 459 P.2d 40 (1969); *N. Fiorito Co. v. State,* 69 Wn.2d 616, 619–20, 419 P.2d 586 (1966). Absent disputed facts, the construction of a contract is a matter of law, and the appellate court is in as good a position as the

---

[2]The parties' attorney fee contractual provision states:

"10. Should litigation be necessary to enforce any term or provision of this Agreement, or to collect any portion of the amount payable under this Agreement, then all litigation and collection expenses, witness fees and court costs, and attorney's fees of both Client and Engineer shall be borne wholly by the unsuccessful party at trial."

trial court to interpret a contract's meaning. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 204, 580 P.2d 617 (1978); *In re Estate of Larson,* 71 Wn.2d 349, 354, 428 P.2d 558 (1967).

Eastside Properties did not plead the nonoccurrence of a condition precedent "specifically and with particularity," CR 9(c).[3] Even if it had, however, this defense fails.

■ A condition precedent is an event occurring after the making of a valid contract which must occur before a right to immediate performance arises. *Koller v. Flerchinger,* 73 Wn.2d 857, 860, 441 P.2d 126 (1968); *Silverdale Hotel v. Lomas & Nettleton Co.,* 36 Wn. App. 762, 770, 677 P.2d 773 (1984). In contrast to the breach of a promise, which subjects the promisor to liability for damages but does not necessarily discharge the other party's duty of performance, the nonoccurrence of a condition prevents the promisee from acquiring a right or deprives him of one but subjects him to no liability. *Ross v. Harding,* 64 Wn.2d 231, 236, 391 P.2d 526 (1964); 5 S. Williston, *Contracts* § 665, at 132 (3d ed. 1961).

> Whether a provision in a contract is a condition, the nonfulfillment of which excuses performance, depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances. 5 Williston, Contracts (3d ed.) § 663, p. 127.

---

[3]At trial Eastside Properties' counsel stated that at the conclusion of the evidence he would be submitting an amendment to the answer to the complaint containing affirmative defenses, but in light of the trial court's dismissal of the action at the end of the plaintiff's evidence, such an amendment was apparently not submitted.

Nevertheless, Eastside's omission is not a bar to raising this defense in this case since in its answer it denied that Jones Associates had performed its contractual obligations and at the start of trial Jones Associates' counsel stated that the key legal issue was the condition precedent issue. Thus if the pleadings' purpose is to give notice, *see* Trautman, *Pleading Principles and Problems in Washington,* 56 Wash. L. Rev. 687, 687 (1981), Jones Associates had actual notice of this defense so that a rigid and mechanical application of the court rule is unwarranted here, *see Ben Holt Indus. v. Milne,* 36 Wn. App. 468, 473, 675 P.2d 1256 (1984).

*Ross,* at 236; *accord, Koller,* at 860. Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise. *Ross.*

> An intent to create a condition is often revealed by such phrases and words as "provided that," "on condition," "when," "so that," "while," "as soon as," and "after."

*Vogt v. Hovander,* 27 Wn. App. 168, 178, 616 P.2d 660 (1979). Here no such words were used, and it is unclear whether the parties intended obtaining King County approval to be a condition precedent to payment under the contract.

■ Where the parties' contractual language is ambiguous, the principal goal of construction is to search out the parties' intent. *Jacoby v. Grays Harbor Chair & Mfg. Co.,* 77 Wn.2d 911, 918, 468 P.2d 666 (1970).

> Determination of the intent of the contracting parties is to be accomplished by viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.

*Stender v. Twin City Foods, Inc.,* 82 Wn.2d 250, 254, 510 P.2d 221 (1973), *quoted in Leija v. Materne Bros.,* 34 Wn. App. 825, 829, 664 P.2d 527 (1983). Here an examination of the entire contract, circumstances surrounding the contract's formation, the parties' subsequent conduct, and the reasonableness of the parties' respective interpretations indicates that the parties intended Jones Associates' assumption of responsibility for obtaining King County approval to be a duty under the contract but not a condition precedent to payment.

First, the relevant provision's language in the second typewritten paragraph under "Scope of Services" does not expressly indicate that if King County approval was not obtained, Eastside would not be responsible for any costs whatsoever, as does the preceding typewritten paragraph[4]

---

[4]The first typewritten paragraph states:

containing an express condition precedent regarding a satisfactory economic feasibility study. Since the two typewritten paragraphs were inserted into the contract by Eastside, the first typewritten paragraph provides evidence of Eastside's ability clearly and unambiguously to express a condition precedent to payment. Moreover, ambiguous contract language is strictly construed against the drafter. *Jacoby; Taylor–Edwards Warehouse & Transfer Co. of Spokane, Inc. v. Burlington Northern, Inc.,* 715 F.2d 1330, 1334 (9th Cir. 1983).

Further, other portions of the original contract support Jones Associates' contention that it contemplated its contractual duty to be to perform necessary services related to the short plat application rather than that obtaining King County final plat approval was to be a condition precedent to payment. The "Description of Final Product" lists, besides a development feasibility report and master plan, nine record surveys and nine short plats "in King County format," not "approved by King County." Similarly, the contract states under "Completion of Assignment" that the short plats were to be ready for submission by a certain date, not that they were to have King County approval by a certain date. In addition, while the change order is in accord with Jones Associates' assuming responsibility for obtaining King County final plat approval, the language implies a duty rather than an express condition precedent: One of Jones Associates' services to be performed under the change order was to revise and "file for recordation," not obtain county approval of, the short plats.

Moreover, the respondent's conduct subsequent to the making of the contract supports the interpretation that the parties did not intend the relevant provision to be a condi-

---

"Engineer shall promptly complete feasibility study and if said study establishes to Client's satisfaction that the development project is economic, the Engineer shall be required to fulfill the entire scope of services as set forth in this agreement. In the event said feasibility study is not satisfactory to Client, this entire agreement shall be considered terminated and Client shall not be responsible for any costs or charges whatsoever."

tion precedent. First, rather than refusing to pay the fixed fee because of the nonoccurrence of a condition precedent, Eastside did tender in April 1980, $15,000 of the $30,030 that was due under the original contract and its amendment. In addition, Eastside did, though not without argument, enter into a contractual amendment for $12,550 for Jones Associates to perform additional services so that it could comply with King County's imposed conditions rather than insisting that the condition precedent of obtaining King County approval contemplated that the original contract encompassed any necessary additional services to secure such approval.

■ Further, it is well established that

> forfeitures are not favored in law and are never enforced in equity unless the right thereto is so clear as to permit of no denial.

*Kaufman Bros. Constr. v. Estate of Olney,* 29 Wn. App. 296, 300, 628 P.2d 838 (1981) (quoting *Dill v. Zielke,* 26 Wn.2d 246, 252, 173 P.2d 977 (1946)).[5] The Restatement (Second) of Contracts § 227(1) (1981) states:

> In resolving doubts as to whether an event is made a condition of an obligor's duty, . . . an interpretation is preferred that will reduce the obligee's risk of forfeiture, unless the event is within the obligee's control or the circumstances indicate that he has assumed the risk.

The Restatement § 227, comment *b* continues:

> If the event is within [the obligee's] control, he will often assume this risk [of forfeiture]. If it is not within his control, it is sufficiently unusual for him to assume the risk that, in case of doubt, an interpretation is preferred under which the event is not a condition.

Here since obtaining King County final plat approval was not within Jones Associates' control, it was sufficiently

---

[5]The Restatement (Second) of Contracts § 227, comment *b* (1981) defines "forfeiture" as the resulting denial of compensation where the nonoccurrence of a condition of an obligor's duty causes the obligee to lose his right to the agreed exchange after he has relied substantially on the expectation of that exchange, as by preparation or performance.

unusual for it to assume the risk of forfeiture so that where doubt exists, as in this case, the preferred interpretation is that the event was not a condition. No circumstances have been shown to indicate that it assumed the risk of forfeiture; rather, Harry P. Jones, Jones Associates' president, testified to the contrary. Moreover, conditions precedent are not favored by the courts. *Thomas v. French,* 30 Wn. App. 811, 819, 638 P.2d 613 (1981), *rev'd on other grounds,* 99 Wn.2d 95, 659 P.2d 1097 (1983). An examination of the entire contract, the circumstances of its formation, the parties' conduct and the reasonableness of their interpretations supports the conclusion that obtaining King County final plat approval was intended to be Jones Associates' duty under the contract but not a condition precedent to payment.

Although not a basis for the trial court's decision, Eastside contends that Jones Associates' money due action must fail because of an absence of proof that the contract's express conditions precedent were met, *see Multi–Products Eng'g Co. v. Bellingham Steel Prods., Inc.,* 66 Wn.2d 82, 85–86, 401 P.2d 329 (1965). However, as noted above, Eastside did not plead the nonoccurrence of any conditions precedent "specifically and with particularity," CR 9(c). Moreover, while the record indicates that Jones Associates was given notice of Eastside Properties' proposed amendment to its answer asserting affirmative defenses, the record is not clear as to which particular conditions precedent Eastside claimed had not been performed. Thus, no evidence exists that Jones Associates had prior notice of Eastside's defense raised at trial of the nonoccurrence of the express condition precedent of providing a satisfactory updated feasibility report.[6] Thus Jones Associates' money due action may be maintained.

---

[6]Eastside's contention in its appellate brief that Jones Associates did not prove the fulfillment of the condition precedent of providing a satisfactory *original* feasibility report was not raised at trial and has thus been waived on this appeal. RAP 2.5(a); *In re Marriage of Studebaker,* 36 Wn. App. 815, 818, 677 P.2d 789 (1984).

■ However, since it is undisputed that King County approval was not secured, Jones Associates may be liable for breach of its promise to obtain King County final plat approval.[7]

"One who makes a promise which cannot be performed without the consent or cooperation of a third person is not excused from liability because of inability to secure the required consent or cooperation, unless the terms or nature of the contract indicate that he does not assume this risk."

*Fischler v. Nicklin*, 51 Wn.2d 518, 523, 319 P.2d 1098 (1958). By signing the original contract, which included the typewritten paragraph regarding responsibility for obtaining King County approval, and its amendment, which incorporated the original contract's terms, Jones Associates assumed the risk that King County might not approve Eastside's short plat application so that if such approval was not obtained, it would be liable for breach of the parties' contract.

■ Jones Associates contends that it cannot be liable for not obtaining King County final plat approval because such approval was dependent upon certain factors, some of which were in the respondent's discretion or ability to perform. There being no findings of fact, the record is not clear as to why final county plat approval was not obtained. However, all contracts embody an implied condition that the parties will not interfere with each other's performance, but will cooperate in good faith. *Lonsdale v. Chesterfield*, 99 Wn.2d 353, 357, 662 P.2d 385 (1983); *Long v. T–H Trucking Co.*, 4 Wn. App. 922, 926, 486 P.2d 300 (1971). Proof of a party's interference with the performance of the other party's obligation under the contract will work to discharge the other party's duty. *Long; Cavell v. Hughes*, 29 Wn. App. 536, 539, 629 P.2d 927 (1981). Upon remand both parties will have the opportunity to show any conduct of the other party that prevented it from obtaining the full

---

[7]Eastside Properties did not file a counterclaim for damages for breach of the contract; however, upon remand it may be permitted to amend its pleading.

benefit of performance.

The judgment is reversed and the cause is remanded for trial and the determination of damages, if any, to be offset against any money due Jones Associates under the contract as well as an attorney fee award to the prevailing party pursuant to the parties' contract.

WEBSTER, J., and PETRIE, J. Pro Tem., concur.