116 P.3d 1039 (2005)
Daryl R. PLOUSE, a single person, Appellant,
v.
BUD CLARY OF YAKIMA, INC., a Washington corporation, d/b/a Toyota of Yakima; and Universal Underwriters Insurance Company, a foreign Corporation; and Chase Manhattan Automotive Finance Corporation, a Delaware Corporation, Respondents.
No. 23098-8-III.
Court of Appeals of Washington, Division Three, Panel Three.
August 2, 2005.
*1040 David B. Trujillo, Law Offices of David B. Trujillo, Yakima, WA, for Appellant.
Gerald A. Reitsch, Attorney at Law, Longview, WA, for Respondents.
SWEENEY, A.C.J.
¶ 1 Washington prohibits, by statute, a practice known in the car business as "bushing." The practice is essentially one where the car dealer obligates the buyer to buy, but leaves the dealer room to change the terms of the deal for more than three days. Daryl Plouse claims a violation of the bushing statute because Bud Clary of Yakima, Inc., a car dealer, searched for financing for the truck Mr. Plouse purchased for longer than the three days allowed by the statute. RCW 46.70.180(4)(a). But the offer to buy was fully accepted by the dealer even though it was subject to financing. We therefore affirm the summary dismissal of Mr. Plouse's claims against Clary.

FACTS
¶ 2 Daryl Plouse went to Bud Clary of Yakima, Inc., a car dealership, to buy a truck. The parties agreed to the finance terms. Both Mr. Plouse and Clary signed a purchase agreement on April 22, 2003. Clary agreed to find a lender to accept the finance terms. Mr. Plouse gave Clary his trade-in vehicle and a check for $2,000. Clary gave Mr. Plouse possession of the truck.
¶ 3 Clary sent Mr. Plouse's credit application to six finance companies. All six companies denied the application. Chase Manhattan Automotive Finance Corporation finally agreed to finance the deal on May 1, 2003 (more than three days after the agreement).
¶ 4 Mr. Plouse filed a complaint with the Washington State Department of Licensing (Department) alleging that Clary had violated RCW 46.70.180(4)(a)[1] because it failed to void the order once financing was not obtained within three days. The Department cited Clary for the violation.
¶ 5 Mr. Plouse then sued Clary, its bond holder, and the financing bank for the failure to either finance the deal within three days or to void it. Mr. Plouse moved for summary judgment. Clary and the bond holder also moved for summary judgment as did Chase Manhattan. The trial court concluded that Clary had accepted the deal and had not engaged in illegal "bushing." It then denied Mr. Plouse's motion and granted Clary's, the bond holder's, and Chase Manhattan's motions.

DISCUSSION

PROHIBITED BUSHING
¶ 6 The question here is whether Clary engaged in an unlawful act of bushing when it signed the "accepted by" line on Mr. Plouse's vehicle buyer's order but then failed to void the order once it was unable to finance the deal within three days.
¶ 7 Mr. Plouse argues that the statute was violated here because the sale was contingent upon financing. And here that financingthe contingencywas not secured within the three days permitted by the statute.
¶ 8 Clary counters that the primary issue is whether the bushing statute applies, that is whether the vehicle buyer's order was "subject to the dealer's . . . future acceptance." RCW 46.70.180(4)(a). He notes that the "accepted by" line on the order was *1041 signed on behalf of the dealership and that signature was an acceptance of the order.
¶ 9 We review questions of law de novo. Sorrel v. Eagle Healthcare, Inc., 110 Wash.App. 290, 294, 38 P.3d 1024 (2002). The material facts are not disputed. The question is simply whether the bushing statute applies and if it was violated here. And to answer that question, we look no further than the language of the statute if the statute is unambiguous. Kilian v. Atkinson, 147 Wash.2d 16, 20, 50 P.3d 638 (2002); Sorrel, 110 Wash.App. at 294-95, 38 P.3d 1024. A statute is unambiguous if it is susceptible to only one reasonable interpretation. Kilian, 147 Wash.2d at 20-21, 50 P.3d 638; Sorrel, 110 Wash.App. at 295, 38 P.3d 1024.
¶ 10 Mr. Plouse challenges the trial court's decision that the bushing statute does not apply here. RCW 46.70.180(4) states that it is unlawful for a car dealer to engage in "any act of `bushing.'" "Bushing" is:
(4) . . . Taking from a prospective buyer or lessee of a vehicle a written order or offer to purchase or lease, or a contract document signed by the buyer or lessee, which:
(a) Is subject to the dealer's, or his or her authorized representative's future acceptance, and the dealer fails or refuses within three calendar days, . . . and prior to any further negotiations with said buyer or lessee, either (i) to deliver to the buyer or lessee the dealer's signed acceptance, or (ii) to void the order, offer, or contract document and tender the return of any initial payment or security made or given by the buyer or lessee, including but not limited to money, check, promissory note, vehicle keys, a trade-in, or certificate of title to a trade-in.
RCW 46.70.180(4)(a) (emphasis added). That statute then applies only when the contract is "subject to the dealer's . . . future acceptance." Id. (emphasis added).
¶ 11 Acceptance is "`an expression of the intention, by word, sign, or writing communicated . . . to the person making the offer.'" Roethemeyer v. Milton, 177 Wash. 650, 656, 33 P.2d 99 (1934). (quoting Koepke Sayles & Co. v. Lustig, 155 Wash. 70, 73-74, 283 P. 458 (1929)). "Future" acceptance implies that an acceptance has yet to be communicated. Here, Mr. Plouse negotiated a deal with Clary to purchase a truck. A vehicle buyer's order was filled out on April 22, 2003. This included the agreed upon finance terms. Clary agreed to locate a lender to accept those finance terms.
¶ 12 The bottom of the order included bold language that it was not binding until accepted by the dealer. Also the dealer did not have to perform until a bank or other lender approved the financing terms.
This order shall not become binding until accepted by dealer or his authorized representative and in the event of a time sale, dealer shall not be obligated to sell until approval of the terms hereof is given by a bank or finance company willing to purchase a retail installment contract between the parties hereto based on such terms.
Clerk's Papers (CP) at 345 (emphasis added). Directly below this language were two signature lines. Both parties signed the order on April 22, 2003. Clary's signature followed the phrase "accepted by."
¶ 13 Mr. Plouse argues, nonetheless, that the financing clause allowed Clary to ultimately wait and give its final acceptance once financing was obtained. He argues that Clary failed to either give its complete and unconditioned acceptance or to void the order within three days, as required by RCW 46.70.180(4)(a). We disagree. The signed order was not subject to Clary's future acceptance. It was unconditioned acceptance. Clary did not have the option to accept or deny the deal once financing was obtained; Clary was required to perform, period. See Jones Assocs., Inc. v. Eastside Props., Inc., 41 Wash.App. 462, 466, 704 P.2d 681 (1985). The finance clause appears to be a condition to performance rather than a condition to acceptance. Id. The order states that Clary "shall not be obligated to sell" until the financing terms are approved; it does not say that Clary "shall not be obligated to [accept]" until the financing terms are approved. CP at 345.
¶ 14 Clary entered into a binding contract when it provided its signature. The order was not subject to Clary's future acceptance. *1042 See Jones Assocs., 41 Wash.App. at 466, 704 P.2d 681. RCW 46.70.180(4)(a) does not apply.
¶ 15 Further, RCW 46.70.180(4)(a)(i) merely requires that the dealer "deliver to the buyer . . . the dealer's signed acceptance." Clary provided Mr. Plouse with its signed acceptance on April 22, 2003.

DAMAGES  CHAPTERS 19.86 RCW AND 46.70 RCW
¶ 16 Mr. Plouse next argues that he is entitled to losses and damages under both chapter 46.70 RCW and chapter 19.86 RCW (Consumer Protection Act) since Clary violated RCW 46.70.180(4)(a). But as we have concluded, Clary did not violate that statute. And since Clary did not violate that statute, Clary's dealings were not an unfair act under the Consumer Protection Act. RCW 46.70.310; RCW 19.86.020. Mr. Plouse has not shown, then, that Clary violated the Consumer Protection Act. RCW 19.86.020; Robinson v. Avis Rent A Car Sys., Inc., 106 Wash.App. 104, 113, 22 P.3d 818 (2001)

ATTORNEY FEES
¶ 17 And for these same reasons, Mr. Plouse is not entitled to attorney fees on appeal.
¶ 18 The trial court's summary dismissal of Mr. Plouse's claim is affirmed.
WE CONCUR: SCHULTHEIS and BROWN, JJ.
NOTES
[1] The statute provides that a vehicle dealer may not take a signed contract from a buyer and leave it open to the dealer's future acceptance for more than three calendar days.