Gary E. JONES, as personal representative of the Estate of Darrell M.P. Jones, and Alwyn Eugene Geiser III and Alwyn Eugene Geiser IV, as co-personal representative of the Estate of Cynthia S. Jones Plaintiffs–Appellants,

v.

CALPINE CORPORATION, a Delaware corporation, Defendant–Appellee.

No. 04–35484.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided March 22, 2006.

Douglas Stuart Oles, Esq., Oles Morrison Rinker & Baker, Seattle, WA, P. Warren Marquardson, Esq., Rodney J. Waldbaum, Esq., Lesourd & Patten PS, Seattle, WA, for Plaintiffs–Appellants.

Ladd B. Leavens, Esq., Davis Wright & Tremaine, Seattle, WA, for Defendant–Appellee.

Before: CUDAHY,* T.G. NELSON, and MCKEOWN, Circuit Judges.

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

## MEMORANDUM **

The appellants, personal representatives for the Estates of Darrell M.P. Jones and Cynthia Jones ("the Joneses"), appeal the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of their claims for breach of contract against appellee Calpine Corporation. The Joneses argue that Calpine breached its implied, good faith duty to cooperate toward the fulfillment of the contract's condition precedent, the timely completion of a power plant. The district court held that the contract did not imply a duty to cooperate toward the plant's timely completion and that the contract assigned the risk that Calpine would not cooperate to the Joneses. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal de novo.[1] For the reasons set forth below, we reverse the district court's dismissal and remand for further proceedings.

Under Washington law, when a party prevents the occurrence or fulfillment of a condition precedent, the condition is excused and the preventing party must complete the contract.[2] Taking the Joneses' allegations as true,[3] Calpine had complete control over the plant's construction, but deliberately prevented the plant's timely completion to avoid making its second payment. In these circumstances, the condition precedent—the plant's timely completion—must be excused, and Calpine must make the second payment.[4] The Joneses thus allege a claim—breach of the implied duty of good faith—sufficient to survive dismissal under Rule 12(b)(6).

Calpine correctly notes that Washington law allows parties affirmatively to reassign the risk of prevention to the party whose performance is not subject to the condition precedent.[5] However, the contract did not do so in this case. Washington law implies a duty to cooperate on the party subject to the condition.[6] Nothing in the contract clearly indicates that the parties contracted out of the implied duty. Thus, the standard Washington rule applies.[7]

REVERSED and REMANDED.

CUDAHY, Circuit Judge for the Seventh Circuit, sitting by designation, dissenting.

The contract between Calpine and the Joneses created a blatantly obvious and huge financial incentive for Calpine to hinder or preclude timely completion of the power plant. From this, it is not difficult to infer that the risk that Calpine would not cooperate with the Joneses was assigned to the Joneses. A contrary conclusion perversely rewards the omission of obvious terms from express inclusion in contracts.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004).

2. *Highlands Plaza, Inc. v. Viking Investment Corp.*, 72 Wash.2d 865, 435 P.2d 669, 676–77 (1967); *Cavell v. Hughes*, 29 Wash.App. 536, 629 P.2d 927, 929 (1981); *Refrigeration Eng'g Co. v. McKay*, 4 Wash.App. 963, 486 P.2d 304, 309–310 (1971).

3. *No. 84 Employer–Teamster Joint Council v. Am. W. Holding Corp.*, 320 F.3d 920, 931 (9th Cir.2003).

4. *See Highlands Plaza*, 435 P.2d at 676–77.

5. *Id.* at 676.

6. *See id.* at 676–677.

7. *See id.* at 676.

I, therefore, respectfully dissent and would affirm.