[No. 13964-9-I.   Division One.   July 21, 1986.]

MILLICAN OF WASHINGTON, INC., *Respondent,* v.
WIENKER CARPET SERVICE, INC.,
*Appellant.*

*David Tewell, Russell Love,* and *Tewell, Thorpe & Findlay, Inc.,* for appellant.

*Andrew Gauen, Merrick, Hofstedt & Lindsey,* and *David Decourcy,* for respondent.

SWANSON, J.—Wienker Carpet Service, Inc., appeals the superior court judgment holding that the waiver of subrogation clause in its lease with Millican of Washington, Inc., is effective to bar recovery by Millican against Wienker only for insured losses to the Wienker leasehold premises, thereby allowing Millican to seek recovery for damages to premises *not* described in the lease. Millican cross–appeals from the judgment, claiming that the waiver was unenforceable against it based upon a want of consideration since Wienker's insurance policies did not allow such a waiver of subrogation of rights. We affirm.

By a lease dated January 29, 1977, Millican leased to Wienker a 6,100–square–foot, later a 7,100–square–foot, area of the western portion of the 13,200–square–foot

building located at 4618 14th Avenue N.E., Seattle, Washington. When the lease expired after 1 year, Wienker exercised its option to renew the lease for another 2 years. When the 2–year period expired, Millican and Wienker signed a second lease that was dated January 30, 1980. Barry Hawley, a real estate broker, secured Wienker as a tenant for the leasehold premises in 1977 and, acting as Millican's agent, provided the lease forms and arranged for the execution of both the January 29, 1977 and the January 30, 1980 leases.

Both the 1977 and the 1980 leases contained an identical clause entitled "Waiver of Subrogation," which was set forth as paragraph 28 in the 1980 lease and provides as follows:

> The Lessor and Lessee hereby release and waive for the duration of this lease and any extension or renewal thereof, their respective entire rights of recovery against each other, and/or their respective agents and invitees responsible for any losses resulting from perils of fire and other coverages provided by their respective casualty insurance policies issued to either Lessor or Lessee in effect at times of losses; provided that such waiver and release shall apply only in the event such agreement does not prejudice the insurance afforded by such policies.

Hawley had personally typed this clause on the printed forms for the two leases.

On August 13, 1981, a natural gas explosion and fire at the Wienker warehouse damaged the Wienker leasehold and other portions of the same building as well as other property owned by Millican. Millican's insurance company reimbursed Millican for some but not all of its losses. Wienker's insurance company paid Wienker for its losses. Millican filed an action for damages against Wienker, Washington Natural Gas Company (WNG), and Wienker's employee, Ken Kurtz, and his wife. Wienker denied liability and asserted a counterclaim against Millican, a cross claim against WNG, and a third party claim against the City of Seattle for its losses. Wienker now appeals and Millican cross–appeals the judgment entered that the

waiver of subrogation clause in the lease applied only to insured losses to the Wienker leasehold premises described in the January 30, 1980 Millican–Wienker lease.[1]

The principal issues in this appeal are (1) whether the waiver of subrogation clause was unenforceable against Millican because of a failure of consideration and (2) if the waiver of subrogation clause was enforceable against Millican, whether it barred recovery by Millican against Wienker only for insured losses on the Wienker leasehold premises described in the parties' lease.

## ENFORCEABILITY OF CLAUSE

We conclude that the waiver of subrogation clause was enforceable against Millican. This issue is not moot, as Wienker contends, for Wienker has not shown that Millican's settlement with Washington Natural Gas and the City of Seattle fully compensated Millican for any additional damages to which it might be entitled were it successful in its cross appeal.

Millican assigns error to the trial court's conclusion of law 2, which states that "Subject to paragraphs 3–5 below, the 'Waiver of Subrogation' clause is effective and enforceable as between Millican and Wienker." Millican claims that the unchallenged finding of fact 10 is that the waiver of subrogation clause was intended to be for the lessor's and lessee's mutual benefit, yet Wienker's primary and excess insurance policies did not allow Wienker to waive its subrogation rights against Millican, findings of fact 16 and 17, so that the clause was unenforceable against Millican due to a want of consideration. Wienker disagrees and assigns error to findings 16 and 17, which state:

---

[1] A stipulated judgment was entered against Wienker in Millican's favor as to liability and proximate cause, with the provision that the judgment did not constitute a waiver of either party's appeal rights as to the judgment concerning the Millican–Wienker lease's waiver of subrogation clause. A judgment was entered against Wienker awarding Millican a net total of $207,274.79 for damages, costs, interest and CR 37(c) sanctions after a 5 percent reduction in the total judgment amount as a set-off ($17,677.64) and Millican's settlement amounts with WNG and the City ($153,097.90) were subtracted.

16. Wienker's insurance policy with Royal Insurance Co. did not allow Wienker to waive its subrogation rights against Millican.

17. Wienker's policy with Industrial Indemnity Insurance Co. did not allow Wienker to waive its subrogation rights against Millican.

■ The general rule is that a contract's interpretation is a question of law. *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 407, 670 P.2d 267 (1983). Absent disputed facts, the construction of a contract is determined as a matter of law, and the appellate court is in as good a position as the trial court to interpret a contract's meaning. *Yeats v. Estate of Yeats,* 90 Wn.2d 201, 204, 580 P.2d 617 (1978); *Jones Assocs. v. Eastside Properties, Inc.,* 41 Wn. App. 462, 465–66, 704 P.2d 681 (1985). Conclusions of law incorrectly denominated as findings of fact are subject to appellate review. *Woodruff v. McClellan,* 95 Wn.2d 394, 396, 622 P.2d 1268 (1980); *White v. Wilhelm,* 34 Wn. App. 763, 768, 665 P.2d 407, *review denied,* 100 Wn.2d 1025 (1983).

■ Here Millican's argument fails. First, a basic principle of contract law is that consideration sufficient to support one promise is sufficient to support any number of promises, and each written term of a contract need not be bargained for. *Lyall v. DeYoung,* 42 Wn. App. 252, 257, 711 P.2d 356 (1985); *Fortner v. Fannin Bank,* 634 S.W.2d 74, 77 (Tex. Ct. App. 1982); Restatement (Second) of Contracts § 80(1), & comment *a,* at 204 (1981); 1 S. Williston, *Contracts* § 137A, at 594 (3d ed. 1957).

Further, the waiver of subrogation clause at issue here contains a proviso that "such waiver and release [of rights of recovery for certain losses] shall apply only in the event such agreement does not prejudice the insurance afforded by such policies." Here the unchallenged conclusion of law 6, which becomes the law of the case, *see Detonics ".45" Assocs. v. Bank of Cal.,* 97 Wn.2d 351, 353, 644 P.2d 1170 (1982), states: "Neither Wienker's nor Millican's insurance coverage was prejudiced by the waiver of subrogation clause." Support for conclusion of law 6 is found in the

unchallenged finding of fact 24 that "Wienker's insurance company paid Wienker for losses suffered by Wienker." Absent a finding of prejudice to the parties' insurance coverage, the waiver of subrogation clause was effective.

> [T]he doctrine of subrogation only places the insurer in possession of such rights against third parties as the insured could himself enforce, and it therefore follows that if, prior to the execution of the contract of insurance, the insured has executed another contract releasing certain third parties from any liability which might be incurred by them in case of a loss, such release will also be binding upon the insurer, in the absence of proof that such release was made to defraud the insurer.

(Footnotes omitted.) 16 G. Couch, *Insurance* § 61:194, at 251–52 (2d ed. 1983); *accord, Pelzer Mfg. Co. v. Sun Fire Office,* 36 S.C. 213, 15 S.E. 562 (1892).

■ Here Wienker's insurance policies, which were effective from July 1, 1981 to July 1, 1984, including the time of the explosion and fire, were executed after the Millican–Wienker lease was renewed on January 30, 1980. Further, the record reveals no showing that the waiver was made to defraud Wienker's insurers. Since the subrogation doctrine places the insurer in possession of such rights against third parties as the insured himself could enforce, Wienker's waiver of subrogation rights in its lease with Millican, prior to the issuance of its primary and excess insurance policies and absent a showing of fraud, bound its insurers. Thus the waiver of subrogation clause was valid and enforceable against Millican.

## APPLICATION OF CLAUSE

The next issue is whether the waiver of subrogation clause barred recovery by Millican against Wienker only as to insured losses on the Wienker leasehold premises described in the parties' lease. Millican argues that the waiver of subrogation clause is ambiguous as to whether it applies only to insured losses and only to the Wienker leasehold premises and that an exculpatory clause that relieves a party from liability for negligence must be

explicit and specific and strictly construed, with any doubts resolved against the party trying to escape liability.

Wienker claims that the clause's broad language that Millican released its "entire rights of recovery" against Wienker for "any losses" resulting from the "perils of fire" bars Millican's recovery from Wienker for losses on all of its properties, including properties not covered by the Millican–Wienker lease. Wienker assigns error to the following of the trial court's findings of fact and conclusions of law:

20. The "Waiver of Subrogation" clause in the two leases is ambiguous.

21. The parties intended the "Waiver of Subrogation" clause to apply only to the Wienker leasehold premises described in the Millican–Wienker Leases.

22. The parties did not intend for the "Waiver of Subrogation" clause to apply to losses that were not reimbursed by insurance.

23. Wienker had no reasonable expectation that the rent which Wienker paid to Millican would be, or was, used to pay for insurance on premises other than the Wienker leasehold.

Findings of fact 20, 21, 22, 23.

1. The "Waiver of Subrogation" clause is ambiguous.

2. Subject to paragraphs 3–5 below, the "Waiver of Subrogation" clause is effective and enforceable as between Millican and Wienker.

3. The "Waiver of Subrogation" clause does not apply to premises other than Wienker leasehold described in the January 30, 1980 Millican–Wienker Lease.

4. The "Waiver of Subrogation" clause does not apply to separate and unrelated buildings owned by Millican.

5. The "Waiver of Subrogation" clause does not apply to losses by Millican for which Millican was not reimbursed by its insurance company.

Conclusions of law 1, 2, 3, 4, 5.

■ A contract is ambiguous when the language is susceptible of more than one meaning. *Boeing Airplane Co. v. Firemen's Fund Indem. Co.*, 44 Wn.2d 488, 496, 268 P.2d 654, 45 A.L.R.2d 984 (1954); *Brust v. McDonald's Corp.*, 34 Wn. App. 199, 207, 660 P.2d 320 (1983). Generally, whether

a written contract is ambiguous is a question of law. *McGary v. Westlake Investors,* 99 Wn.2d 280, 285, 661 P.2d 971 (1983). We conclude that the clause here is unambiguous regarding its applicability only to insured losses and only to the Wienker leasehold premises.

First, the Millican–Wienker lease's waiver of subrogation clause states that the lessor and lessee release and waive during the original lease and any extension or renewal periods their rights of recovery against each other "for any losses resulting from perils of fire and other coverages provided by their respective casualty insurance policies issued to either Lessor or Lessee in effect at times of losses . . ." The clause unambiguously states that the waiver relates to rights of recovery for losses covered by the parties' insurance policies that are in effect at the time of the losses. The clause's proviso that the waiver would apply only if the parties' insurance coverage is not thereby prejudiced further indicates that the waiver is related to insured losses.

Moreover, we find the waiver of subrogation clause to be unambiguous in that it applies only to the Wienker leasehold premises. Even if that portion of the clause were ambiguous, however, we would reach the same conclusion.

█ Wienker claims that if the waiver of subrogation clause is ambiguous, any doubts as to its meaning should be resolved against Millican as the drafter. However, rather than mechanically applying this rule of construction, *Jacoby v. Grays Harbor Chair & Mfg. Co.,* 77 Wn.2d 911, 918–19, 468 P.2d 666 (1970), a court construing an ambiguous exculpatory or exemption clause must consider as the primary factor the parties' intent, *Rizzuto v. Morris,* 22 Wn. App. 951, 957, 592 P.2d 688, *review denied,* 92 Wn.2d 1021 (1979).

> Determination of the intent of the contracting parties is to be accomplished by viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the

contract, and the reasonableness of respective interpretations advocated by the parties.

*Stender v. Twin City Foods, Inc.,* 82 Wn.2d 250, 254, 510 P.2d 221 (1973), quoted in *Leija v. Materne Bros.,* 34 Wn. App. 825, 829, 664 P.2d 527 (1983). While generally the parties' intent is to be gleaned from the contract itself, parol evidence regarding the parties' intent is admissible if the contract language is ambiguous.[2] *McGary v. Westlake Investors, supra* at 286.

A lease should be construed in the light of the legal relationship which the parties, by entering into such an agreement, mutually assume, namely, that of landlord and tenant, and it is in the context of this limited relationship that a lease's provisions must be read.

(Citation omitted.) *Interested Underwriters at Lloyds v. Ducor's Inc.,* 103 A.D.2d 76, 78, 478 N.Y.S.2d 285, 287 (1984), *aff'd,* 65 N.Y.2d 647, 481 N.E.2d 252, 491 N.Y.S.2d 620 (1985). The *Ducor's* court held that a lease's waiver of subrogation clause did not apply to liability stemming from premises adjacent to the leasehold premises. In reaching its conclusion, the *Ducor's* court considered the parties' intent as revealed in the lease agreement as a whole and the record evidence and the reasonableness of the parties' proffered interpretations, and stated that its interpretation was fortified by the rule of construction that any doubt regarding the meaning of ambiguous contractual language should be resolved against the drafter. *Interested Underwriters at Lloyds v. Ducor's, Inc., supra* at 79.

Here the Millican–Wienker lease, including paragraph 28, like the *Ducor's* lease, refers exclusively to the parties as

---

[2]The assignments of error of Wienker Carpet Service, Inc., regarding the alleged improper admission of parol evidence are thus not well taken if the contract language at issue here is ambiguous. If the contract language is unambiguous so that the admission of Barry Hawley's and Gary Millican's testimonies regarding the intent underlying, and the meaning of, the waiver of subrogation clause was error, as Wienker contends, it was not prejudicial and thus grounds for reversal, as our discussion indicates. *See Brown v. Spokane Cy. Fire Protec. Dist. 1,* 100 Wn.2d 188, 196, 668 P.2d 571 (1983).

the lessor and lessee, and the lease's references to the parties' respective rights and obligations clearly limit the risks to be allocated between them to those arising out of the lessor's ownership and the lessee's use and occupancy of the leasehold premises. *Interested Underwriters at Lloyds v. Ducor's, Inc., supra* at 78.

A "waiver of responsibility for negligence must be expressed in clear and precise language." *Hardware Mut. Ins. Co. v. C.A. Snyder, Inc.,* 242 F.2d 64, 68 (3d Cir. 1957). "In the absence of unequivocal language, nonliability provisions of a contract will not be extended to include areas not specifically described." *Feigenbaum v. Brink,* 66 Wn.2d 125, 128, 401 P.2d 642 (1965). Thus where a lease that relates to specified premises does not refer to any other property and does not attempt to state the parties' rights and obligations with respect to any other property, a waiver of responsibility in the lease cannot be extended to relieve the lessee from liability for damage done to property that is not the subject of the lease. *Hardware Mut. Ins. Co. v. C.A. Snyder, Inc., supra.* Even if a waiver of subrogation clause relieves the lessee of liability for damage done to the leased premises,

> there is no conceivable reason why the defendant should enjoy a similar protection against liability for damages negligently caused to the adjoining premises. The adjoining premises are not covered by the lease, and the lease contains no provision that has any application to them. They are beyond the reach of its terms.

*Sannit v. Aarons,* 297 F. Supp. 798, 800 (D. Del. 1969).

In executing the Millican–Wienker lease, of which paragraph 28 was an integral part, the parties' intent appears to have been to waive their subrogation rights against each other for risks arising out of the relationship to which they were committing themselves, *viz.,* lessor and lessee, and no other. The record contains no evidence that the parties considered the allocation of any other risk, and it cannot be inferred from the surrounding circumstances that the parties intended to allocate between them to their insurers the

risk of loss to property wholly unrelated to the lessor–lessee relationship, which loss was occasioned by a third party who happens to be the lessee. No persuasive reason for such a strained interpretation has been put forth. *Interested Underwriters at Lloyds v. Ducor's, Inc., supra.*

A basis for upholding a lease's exculpatory clause—that the lessee indirectly pays, through his rent, for the lessor's fire insurance coverage on the leased premises—does not apply where the property at issue is not the leased premises. *See Rizzuto v. Morris, supra* at 955. Further, if Millican's casualty insurer were denied a right of recourse against the wrongdoer in a situation such as this, the entire loss, to the extent that it is covered by insurance, is inequitably borne by the insurer, with a likely adverse impact upon the cost of purchasing such insurance. *Interested Underwriters at Lloyds v. Ducor's, Inc., supra.* The waiver of subrogation clause here barred recovery only for insured losses on the Wienker leasehold premises.

The trial court's challenged findings that are in fact findings of fact are supported by the record evidence. Further, the court's findings support the conclusions of law and judgment.[3] *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 719, 638 P.2d 1231 (1982).

The judgment is affirmed.

SCHOLFIELD, C.J., and RINGOLD, J., concur.

---

[3]Wienker Carpet Service, Inc., acknowledges that its assignments of error as to orders entered after the judgment appealed raise no new issues and are in fact dependent upon the validity of the judgment appealed. In the absence of supporting arguments and in light of our affirmance of the judgment, these assignments of error are not addressed. RAP 10.3(a)(5); *Snyder v. Department of Labor & Indus.,* 40 Wn. App. 566, 576, 699 P.2d 256 (1985).