[No. 36827-3-I.    Division One.    August 25, 1997.]
SEATTLE FIRST NATIONAL BANK, ET AL., *Appellants*, v.
DAVID A. MITCHELL, ET AL., *Defendants*,
ENTERTAINMENT ASSOCIATES, INC., *Respondent*.

---

*Gregory S. Petrie* and *Ferguson & Burdell*, for appellants.

*Andrew J. Kinstler* and *Helsell, Fetterman, L.L.P.*; and *William R. Hickman* and *Reed McClure*, for respondent.

BAKER, C.J. — Seattle First National Bank (SFNB) owned Pier 70. Its predecessor leased premises on Pier 70 to David and Mark Mitchell (Mitchell), who subleased it to Entertainment Associates, Inc. (EAI).[1] SFNB obtained fire insurance on the premises, choosing the policy and its terms and, pursuant to the lease, passing the cost on to the tenants, including EAI.

A fire damaged the premises. When EAI refused to pay for repairs costing less than the deductible under SFNB's fire insurance policy, SFNB brought this commercial unlawful detainer action. Arguing that SFNB was self-insured for the amount of the deductible and that SFNB waived claims against it for insured fire losses in the lease's subrogation waiver, EAI obtained summary judgment against SFNB. However, the trial court denied EAI's request for attorney fees.

In this appeal, we are asked to determine whether (1) SFNB was self-insured for the amount of the deductible,

---

[1]After this appeal was filed, SFNB sold Pier 70 to Triad Pier 70 LLC and Triad is now the landlord pursuing this appeal. However, we refer to SFNB as the landlord and EAI as the tenant.

(2) a loss within the deductible was a covered loss such that the subrogation waiver relieved EAI of liability, and (3) attorney fees for the prevailing party were mandatory under the lease. SFNB obtained the fire insurance, chose the deductible, and passed the costs on to EAI under the lease. Based upon these facts, we hold that any loss within the deductible was an insured loss for which the subrogation waiver relieved EAI of liability.[2] In addition, the lease contains a mandatory attorney fee provision for the prevailing party, which cannot be waived. We therefore hold that the trial court erred in not awarding EAI attorney fees, and we reverse and remand for calculation of attorney fees below and on appeal.

## FACTS

The original 1979 lease was a standard form lease. The adjustment to the minimum rent in lease paragraph 7B provided that the tenant would pay the landlord to obtain fire insurance based upon the percentage of total floor space occupied by the tenant.[3] The adjustment provision was amended to limit the tenants' liability for repairs to

---

[2]Because we reach this determination without considering the extrinsic evidence submitted by EAI, we do not comment on its admissibility. Moreover, because we determine that the fire loss was an insured loss for which EAI could not be liable to SFNB, we do not address SFNB's contention that the cause of the fire raises a fact question.

[3]This provision addresses additional charges, including adjustments:

7B. Adjustments.

I. In addition to the Minimum Rent[,] . . . Tenant shall pay to Landlord the following items, herein called Adjustments:

(a) All . . . insurance premiums on the Premises, . . . including land, building, and improvements thereon. . . . Said insurance shall include all insurance premiums for fire, extended coverage, liability, and any other insurance that Landlord deems necessary on the Premises. Said . . . insurance premiums for purpose of this provision shall be reasonably apportioned in accordance with the total floor area of the Premises as it relates to the total rentable floor area of the building or buildings of which the Premises are a part, (provided, however, that if any tenants in said building or buildings . . . carry their own insurance, as may be provided in their leases, their square footage shall not be deemed a part of the floor area).

the pilings and all major structures.[4] The subrogation provision in lease paragraph 15 waived the right of recovery between the landlord and tenant for losses covered by fire insurance.[5]

The landlord agreed to repair fire damage, reducing the rent only if the tenant was not at fault. Lease paragraph 11 addressed the general responsibility for repair, allocating that responsibility between the landlord and the tenant.[6] Lease paragraph 30(xv) contained a mandatory provision for attorney fees to the prevailing party in any

---

[4]The amendment to paragraph 7B limits the tenants liability:

3. Adjustments: Referring to paragraph 7B, the landlord and tenant do hereby agree that the tenant shall not be required to assume or pay any cost or any expenses incurred in the repair, maintenance or otherwise of any pilings, and that all major structural repairs will be the responsibility of the landlord.

[5]This provision addresses subrogation:

15. SUBROGATION. As long as their respective insurers so permit, Landlord and Tenant hereby mutually waive their respective rights of recovery against each other for any loss insured by fire, extended coverage and other property insurance policies existing for the benefit of the respective parties. Each party shall apply to their insurers to obtain said waivers. Each party shall obtain any special endorsements, if required by their insurer to evidence compliance with the aforementioned waiver.

[6]This provision allocates the general responsibility for repair:

11. REPAIRS.

11.A. By entry[,] . . . Tenant shall be deemed to have accepted the Premises as being in good, sanitary order, condition and repair. Tenant shall, at Tenant's sole cost and expense, keep the Premises . . . in good condition and repair (except as . . . provided with respect to Landlord's obligations) . . . . Tenant shall, upon the expiration or sooner termination of this Lease[,] . . . surrender the Premises to the Landlord in good condition, broom clean, ordinary wear and tear and damage from causes beyond the reasonable control of Tenant excepted. Any damage to adjacent premises caused by Tenant's use of the Premises shall be repaired at the sole cost and expense of Tenant.

11.B. Notwithstanding the provisions of Article 11.A.[,] . . . Landlord shall repair and maintain the structural portions of the Building, including the exterior walls and roof, unless such maintenance and repairs are caused in part or in whole by the act, neglect, fault or omission of any duty by the Tenant, its agents, servants, employees, [or] invitees . . . . Except as provided in Article 25[,] . . . there shall be no abatement of rent and no liability of Landlord by reason of any injury to or interference with Tenant's business arising from . . . any repairs . . . to any portion of the Building or the Premises . . . .

dispute arising from the lease. EAI's sublease adopted these provisions, and enlarged the leased premises to include an outdoor patio.

SFNB obtained fire insurance for the premises under a Bank of America master policy. SFNB chose the policy deductible of $100,000 based upon the risk that it could absorb. The tenants were not informed of the deductible amount because the lease required no notice. SFNB could have obtained coverage for the deductible, but it did not.

A fire caused by a discarded cigarette of unknown origin occurred in the deck below the patio, damaging the deck and portions of the pier beneath the patio. EAI completed interior repairs, but did not repair or pay for repairs to the deck beneath the patio. SFNB completed the deck and pier repairs for $33,991.

SFNB then filed an unlawful detainer action, alleging that EAI had breached the lease by refusing to pay for the repairs. SFNB argued that the lease required the tenant to pay for repairs necessitated by its use of the premises and structural repairs necessitated by its negligent acts or omissions. SFNB maintained that the repairs were not major structural repairs for which it would be responsible. EAI denied any breach and sought attorney fees.

EAI moved for summary judgment, arguing inter alia that the lease required SFNB to pay for this type of damage because it was covered under the fire insurance policy. The trial court orally granted EAI's summary judgment. SFNB sought reconsideration, arguing that the subrogation clause was inapplicable because a loss for less than the deductible was not a covered loss.

SFNB also challenged EAI's request for attorney fees, arguing that the subrogation waiver precluded a fee award because EAI was being represented by its insurance company under its comprehensive liability policy for property damage. EAI maintained that the subrogation waiver applied only to property insurance, and did not prevent its liability insurer from seeking attorney fees. The trial court

denied reconsideration, and entered a written order granting summary judgment and denying EAI's request for attorney fees.

## ANALYSIS

SFNB argues that fact questions exist as to whether EAI's negligence contributed to the cause of the fire. If the repairs were necessitated by EAI's negligence, the lease required EAI to pay for the repairs. SFNB further argues that it had no duty to obtain fire insurance, and even if it did have such a duty, the subrogation waiver did not relieve the tenant of liability for damages within the deductible of the fire policy because such damages were not covered losses.

■■■ We interpret the lease by ascertaining the parties' intent based upon the contract as a whole.[7] We derive the parties' intent from the contract terms based upon the context in which it was formed.[8] The context rule cannot, however, be used to vary the terms of the contract.[9] Without examining the extrinsic evidence presented here, we determine the parties' intent from the lease terms and their actions under the lease.

We conclude that the lease required SFNB to obtain fire insurance. Even if we accepted SFNB's interpretation that obtaining fire insurance was optional under the lease, we

---

[7]*See Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.*, 120 Wn.2d 573, 580-81, 844 P.2d 428 (1993) (interpreting indemnity agreement); *see also Wilkening v. Watkins Distribs., Inc.*, 55 Wn. App. 526, 529, 778 P.2d 545 (1989) (applying contract rules to interpretation of lease by examining terms of lease to ascertain parties' intent), *review denied*, 114 Wn.2d 1003 (1990).

[8]*See U.S. Life Credit Life Ins. Co. v. Williams*, 129 Wn.2d 565, 569, 919 P.2d 594 (1996) (noting adoption of context rule because parties' intent is not always clear from contract terms, but refusing to permit extrinsic evidence contradicting terms of contract to raise fact question).

[9]*Williams*, 129 Wn.2d at 569-70. SFNB correctly points out that the context rule does not apply in a real estate contract between an original party and a subsequent purchaser who has no duty of inquiry, but that is not the case here because, unlike the subsequent purchaser, SFNB stepped into the shoes of the original party when it foreclosed on this property. *See Olson v. Trippel*, 77 Wn. App. 545, 553, 893 P.2d 634 (refusing to apply context rule in dispute between original party and subsequent purchaser), *review denied*, 127 Wn.2d 1013 (1995).

would conclude that it was reasonable for the tenants to infer from SFNB's actions that the premises were insured for fire damage. It is undisputed that SFNB obtained fire insurance. The lease provides that a portion of EAI's rent based upon its floor space was to be used to pay the insurance premiums, and the premium cost was passed through to EAI.

The lease contains a subrogation provision in which SFNB and EAI waive their "rights of recovery against each other for any loss insured by fire, extended coverage and other property insurance policies existing for the benefit of the respective parties." The lease further required EAI to return the premises in good condition, except for damage beyond its reasonable control, and to repair damage to the structural parts of the building caused by the act, neglect, fault, or omission of EAI, its agents, and its invitees.

Based upon the lease terms and SFNB's acts in procuring the fire insurance, EAI argues that (1) it had no duty to repair fire damage that was covered under SFNB's policy, (2) SFNB was self-insured for fire loss within the deductible that it chose, and (3) SFNB waived any claims against EAI arising from the insured fire loss in the subrogation provision. We agree.

■ ■ SFNB's fire insurance policy covered damages to the area affected by the fire. The question here is whether a loss covered by the general policy terms becomes an uninsured loss because it falls within the deductible.

No Washington case has addressed whether a loss within a deductible is an insured loss in a commercial lease. One authority on leases has explained, however, that the party obligated to obtain the insurance should be liable for the deductible:

> A deductible policy of insurance is a policy issued for a reduced premium, in consideration for which the insurer pays a loss only to the extent that the loss exceeds a specified deductible sum. This makes the insured a self-insurer for the deductible. If a party to a lease who is obligated to effect in-

surance of some nature that insures another party obtains a deductible policy, that party should be made liable for the amount of the deduction.[10]

SFNB obtained fire insurance and controlled the terms of the insurance policy, including the deductible. We conclude that SFNB was self-insured for the amount of the deductible that it chose, and is precluded from asserting that any loss for less than the deductible is not an insured loss.

Washington cases addressing other lease provisions that relieve tenants from liability for their reasonable reliance on a landlord's obligation to obtain fire insurance support this reasoning. When a tenant reasonably expected that fire insurance coverage was to be provided by the landlord, our court has denied subrogation.[11] Moreover, a tenant was held to have reasonably believed it was covered under a landlord's fire insurance policy for negligently started fires when (1) the tenant knew the landlord carried fire insurance and the lease exempted the tenant from liability fire damage, and (2) the landlord did not notify the tenant that it needed another policy to cover its interests.[12]

Similarly here, EAI could reasonably expect not only that SFNB would provide adequate fire insurance coverage, but also that SFNB was liable under such coverage for the amount of the deductible that it chose, absent an

---

[10]3 MILTON R. FRIEDMAN, FRIEDMAN ON LEASES, § 38.1 at 1687 (3rd ed. 1990).

[11]*Cascade Trailer Court v. Beeson*, 50 Wn. App. 678, 686, 749 P.2d 761 (action by insurer against tenant; holding that tenant reasonably expected to be covered by landlord's fire insurance policy, absent some agreement to the contrary, because tenant was in privity of contract with landlord and has property interest in leased property), *review denied*, 110 Wn.2d 1030 (1988).

[12]*Rizzuto v. Morris*, 22 Wn. App. 951, 958, 592 P.2d 688, *review denied*, 92 Wn.2d 1021 (1979). SFNB relies on *Millican of Wash., Inc. v. Wienker Carpet Serv., Inc.*, 44 Wn. App. 409, 722 P.2d 861 (1986), for the position that a waiver of subrogation extends only to insured losses; however, that case is distinguishable. The *Millican* court determined that the parties intended fire coverage to extend only to the leased premises, so no coverage was intended for damage to an adjoining property and the waiver of subrogation did not apply to damage beyond the leased premises. *Millican*, 44 Wn. App. at 418-19. The damage here was to the leased premises or the pier, not an adjacent premises.

agreement to the contrary. This lease contained no contrary agreement.

Moreover, we disagree that the subrogation waiver does not apply because the deductible is an amount that would not be paid by SFNB's insurer.[13] The subrogation waiver here contains both a waiver of subrogation and of "rights to recover against each other for any loss insured by fire." This provision waives any other right to recovery. Damages within the deductible constitute a right to recovery under the waiver provision, which thus precludes SFNB from pursuing this claim.

We note that the subrogation waiver may not protect the parties from damages that are greater than the insured amount, but the lease amendment suggests that the tenant attempted to shield itself from liability for potentially costly repairs to the pier and other major structures.[14] Given the tenant's attempt to limit liability for costs in excess of the insured amount, it was reasonable under this lease's terms for EAI to expect that SFNB's purchase of fire insurance protected it from liability for costs at the low end, i.e., for the amount of the deductible.

On cross-appeal, EAI argues that the trial court erred in denying its request for attorney fees. We agree. The lease provides that the prevailing party in any litigation arising from the lease shall be entitled to attorney fees. The trial court mistakenly believed, however, that because EAI was represented by its general liability insurer, the waiver of subrogation precluded a fee award.

■ First, attorney fees are not part of the covered losses

---

[13]*Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wn.2d 334, 341, 831 P.2d 724 (1992). Unlike *Touchet*, in which the court upheld the validity of a subrogation waiver to the extent of the insurance coverage because the parties negotiated it, the issue here is not the validity of the waiver, but whether the deductible is a covered loss under it. *Touchet*, 119 Wn.2d at 341-42.

[14]Because we hold that SFNB had a duty to repair insured fire damages and that the damage to the deck and pier were insured damages, we reject SFNB's contention that it had no duty to repair these damages because they were not damages to the pilings or major structures.

458

to which the subrogation waiver operates. Second, a waiver of attorney fees is void under RCW 4.84.330, which states that parties to a lease cannot waive a provision providing for attorney fees to the prevailing party. As a matter of law, the parties could not waive the attorney fees provision in this lease. The trial court erred in denying EAI attorney fees.

Affirmed in part, reversed in part and remanded for calculation of attorney fees below and on appeal.

GROSSE and WEBSTER, JJ., concur.