[No. 3442–2.   Division Two.   October 24, 1979.]

ANNA FALASCHI, *Appellant*, v. PERRY T. YOWELL, ET AL, *Respondents*.

*Robert L. Rovai,* for appellant.

*Merrifield B. Rees,* for respondents.

PETRIE, J.—Plaintiff, Anna Falaschi, a vendor of certain real property, appeals from (1) a judgment reinstating the contract of sale under certain prescribed conditions which permitted one of her vendees, Perry T. Yowell, to pay the entire contract balance, and (2) an order vacating a default judgment previously entered against Mr. Yowell. We affirm.

Under terms of a real estate contract dated January 3, 1973, Mrs. Falaschi sold an undivided one–half interest to Yowell and an undivided one–half interest to John J. and Joyce H. Cassidy, husband and wife. Under terms of another real estate contract dated June 26, 1976, Yowell sold his interest in the property to Cassidy. The Yowell–Cassidy contract was never recorded or paid off.

Taxes and insurance were not maintained by the purchasers as required by the Falaschi contract, and monthly payments became in arrears in November 1976. In April and May 1977, Mr. Cassidy was personally served at his residence on the property in question, with a notice of intent to forfeit and a notice of forfeiture. Yowell, who had previously moved to another county, was never served with either notice. Subsequently, Cassidy was served with summons and complaint seeking to quiet title in Mrs. Falaschi. There is no evidence that Yowell, although named as a party defendant, was served with a summons and complaint in the quiet title action.

Following an appearance by counsel for Cassidys, but no appearance by or on behalf of Yowell, a default judgment was entered against all defendants on May 26, 1977. On June 29, Yowell contacted Mrs. Falaschi's counsel promising to reinstate the contract, and on September 19, Yowell sought to have the default vacated. Subsequently, the default was vacated and, on trial to the merits, the contract was conditionally reinstated. Yowell has paid the specified contract balance, together with interest, damages, and attorney's fees to the clerk of the superior court. (We were also advised at oral argument that the Cassidys have deeded their interest in the property to Yowell.) Mrs. Falaschi contends that service upon Cassidy authorized her to proceed against Yowell by virtue of CR 20(d)(1) which provides:

> When the action is against two or more defendants and the summons is served on one or more but not on all of them, the plaintiff may proceed as follows:
> (1) If the action is against the defendants *jointly indebted upon a contract,* he may proceed against the defendants served unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted so far only as it may be enforced against the *joint property* of all and the separate property of the defendants served.

(Italics ours.)

■■ One answer to Mrs. Falaschi's contention is that, under the law of real property, Yowell and the Cassidys were "tenants in common," and they never did own or have an interest in *joint property;* they shared an "interest in common," pursuant to RCW 64.28.020.[1] When two persons each purchase an undivided one–half interest in land they sometimes may be referred to as "joint purchasers," but

---

[1] RCW 64.28.020 provides:

"Every interest created in favor of two or more persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint tenancy, as provided in RCW 64.28.010, or unless acquired as community property or unless acquired by executors or trustees."

their rights and obligations are determined by the law applicable to tenants in common. *Anderson v. Snowden,* 44 Wash. 274, 87 P. 356 (1906). The essential attribute of a tenancy in common is unity of possession; titles are separate and distinct, and each tenant owns a separate estate. *Holohan v. Melville,* 41 Wn.2d 380, 249 P.2d 777 (1952). Because tenants in common, as contrasted with joint tenants, are two or more persons who have the right to possession of specified property by several and distinct titles, the word "jointly" is inappropriate to describe an estate or interest in land held by them.[2] *See* 4 G. Thompson, *Real Property* § 1775 (J. Grimes repl. 1979).

It could be said, therefore, that CR 20(d)(1) and its predecessor statute, RCW 4.28.190(1), are not available to Mrs. Falaschi because the authorization to proceed against defendants not otherwise validly served does not apply to defendants who hold property as tenants in common. We prefer, however, to base our opinion on a more fundamental principle. If CR 20(d)(1) is intended to grant valid service of process upon unserved tenants in common through service upon one of their number, then the rule either (1) impliedly creates a duty upon the tenant so served to notify his other tenants in common, or (2) authorizes a plaintiff to deprive a tenant in common of his separate estate or interest in land without due process of law. Tenants in common can and do validly transfer their estates or interests in land without any necessity to notify their other cotenants.

---

[2]We note, incidentally, the common law of *contracts,* following the analogy of the old common–law rule of real property which favored joint tenancy over tenancy in common (*see Holohan v. Melville,* 41 Wn.2d 380, 387, 249 P.2d 777 (1952)), holds that, in the absence of a contrary intent, when two or more persons undertake a contractual obligation they are presumed to undertake it jointly rather than severally or jointly and severally. *Smith v. Doty,* 91 Wash. 315, 157 P. 881 (1916); *Harrison v. Puga,* 4 Wn. App. 52, 480 P.2d 247, 46 A.L.R.3d 415 (1971). *See* 2 S. Williston, *A Treatise on the Law of Contracts,* § 320 (3d ed. 1959). In contrast, the statutory rule is otherwise with regard to negotiable instruments. RCW 62A.3–118(e). But Washington, contrary to most jurisdictions, has no generally applicable statute which converts common–law joint liability into joint and several liability. *See Warren v. Rickles,* 129 Wash. 443, 225 P. 422 (1924).

Indeed, from day to day any one tenant in common may not know who his cotenants are or where they may be found. Obviously, therefore, the rule cannot be said to create any implied duty upon the one cotenant personally selected by a plaintiff to be the agent for service of process upon the other cotenants. Accordingly, we hold that the service attempted upon Yowell through Cassidy was invalid.

■ Because Yowell was never validly served with notices of forfeiture nor summons and complaint, the trial court exercised proper discretion under CR 60 to vacate the default judgment if—as Yowell contends—he still had standing to seek vacation of the judgment. Mrs. Falaschi contends that Yowell no longer had standing because in 1976 he contracted to sell his interest in the property to Cassidy. The simple response to that contention is that Yowell retained a vendor's interest in his vendee's interest in the land. That gave him standing to seek vacation of the default and reinstatement of the contract. He still owned a protectable interest in the land. Clearly, there was no abuse of discretion in vacating the default judgment. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 599 P.2d 1289 (1979).

Finally, the trial court's exercise of discretion in conditionally reinstating the contract was clearly a valid exercise of the court's equitable powers. *Ryker v. Stidham,* 17 Wn. App. 83, 561 P.2d 1103 (1977).

Judgment affirmed.

PEARSON, C.J., and SOULE, J., concur.