[No. 13450–1–II.   Division Two.   April 4, 1991.]

NANCY C. LOGAN, *Respondent,* v. LINDA BROOKS, *Appellant.*

*Rhonda L. Rudman, Rodney T. Harmon,* and *Geraghty Vanderhoef & Harmon,* for appellant.

*Harold T. Hartinger* and *Vandeberg & Johnson,* for respondent.

ALEXANDER, J.—Linda Brooks appeals a summary judgment that quieted title to certain real property in Nancy C. Logan and extinguished an interest Brooks claimed in that property by virtue of a prejudgment writ of attachment. We reverse.

On June 10, 1987, PenWest Real Estate, Inc., contracted to sell a 30–acre tract of undeveloped real property in Gig Harbor to Robert Clark and Nancy Logan for a sale price of $285,000. Clark and Logan each contributed to the down payment and each was described in the contract as acquiring "an undivided one–half interest" in the property. The contract obligated Clark and Logan to pay the balance of the contract price, $185,000, on or before June 20, 1988.

In May 1988, Linda Brooks commenced an action against Clark for Clark's alleged failure to make payments on a promissory note. At the same time, and as a part of her action against Clark, Brooks obtained a writ of attachment against Clark's one–half interest in the property. Brooks gave Clark notice of the attachment, but she did not give notice to Logan.

On June 21, 1988, Logan paid PenWest the entire balance owing on the real estate contract. PenWest then delivered a fulfillment deed that recited:

> to Robert D. Clark, a single person, to an undivided ONE–HALF INTEREST, and Nancy C. Logan, a single person to an undivided ONE–HALF INTEREST . . ..

Clark thereafter quitclaimed his interest in the property to Logan, in return for Logan reimbursing him for the $25,000 he had contributed to the down payment.

In February 1989, Brooks obtained a judgment against Clark in the amount of $81,956.02. The judgment contained a recitation that the "lien of this judgment . . . relates back to the date of said writ" of attachment against Clark's interest in the property.

Logan commenced an action against Brooks and all other parties claiming an interest in the property, including Clark, to quiet title to the property. Brooks and Logan filed cross motions for summary judgment. The trial court granted Logan's motion and denied Brooks's, concluding that the writ of attachment did not impress the property with the lien of judgment, because Logan had not been given notice of the attachment.

The facts are not in dispute. The question is to whom should summary judgment have been granted. Logan contends that because she was a tenant in common with Clark, she was entitled to actual notice of any prejudgment attachment and that the failure to give her such notice violated her due process rights. Brooks responds that Clark's undivided one–half interest in the real estate was his separate property, and was subject to attachment without notice to Clark's cotenant.

RCW 6.25.020 provides that a plaintiff, at the time he or she commences an action, may, if certain grounds are established, have property of the defendant attached. RCW 6.25.070 provides that prompt notice of the seizure of real property must be given to a defendant after his or her

property is attached. Under a strict reading of these statutes, Logan would not be entitled to notice of an attachment because she was not a defendant. Nevertheless, she argues, citing *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969), that she should have been given notice because the attachment affected her interest in the property.

■ The writ of attachment acquired by Brooks did not affect Logan's interest in the property. A cotenant's interest in property is separate from the other cotenant. For example, a cotenant need not give notice to the other cotenant before he or she encumbers his or her own interest in property, despite the fact that such actions may ultimately "affect" the other cotenant. *de la Pole v. Lindley*, 131 Wash. 354, 230 P. 144 (1924); Comment, *The Inter Vivos Rights of Cotenants Inter Se*, 37 Wash. L. Rev. 70 (1962); 4 G. Thompson, *Real Property* § 1798 (1979). At the time the writ of attachment was served and recorded, Clark possessed an undivided one–half interest under the real estate contract. This was an interest that Clark could sell or lease without notice to Logan. *Falaschi v. Yowell*, 24 Wn. App. 506, 509, 601 P.2d 989 (1979). It can similarly be encumbered by the action of a third party without notice to the cotenant.

There was no due process violation here. Clark, as the defendant and owner of an undivided one–half interest in the property was entitled to notice that his property had been attached. Logan was not entitled to such notice because the prejudgment attachment only affected Clark's interest in the real estate. The lien that resulted from the prejudgment attachment did not affect Logan's right to sell, lease, or otherwise encumber her one–half interest. Additionally, even if Logan had been given notice of the writ of attachment, she would not have had any grounds for having the writ removed because the writ did not affect her interest in the property. The failure to give her such notice did not extinguish the judgment lien as fixed by the writ of attachment.

■■ Furthermore, when Clark conveyed his interest in the property to Logan by quitclaim deed, Logan was like any other member of the public who acquires an interest in property. She took Clark's interest with constructive notice of any encumbrances of record, including the previously recorded writ of attachment. Because the writ of attachment had the effect of establishing the lien of a subsequently obtained judgment as of the date of the attachment, the trial court erred in extinguishing it.

Finally, Brooks contends that Logan was not a bona fide purchaser for value and, thus, her rights could be no greater than Clark's. However, Logan has not acquired greater rights than Clark had. Brooks obtained a writ of attachment against Clark's interest in the property, and when Clark conveyed his interest to Logan, the writ of attachment, and subsequent judgment lien, followed the interest in the property.

While Logan may have claims against Clark under their tenancy agreement or under the common law of tenancy, the interest in the property Logan acquired from Clark was validly attached with the writ and is subject to the judgment lien. We reverse the summary judgment in favor of Logan and grant summary judgment in favor of Brooks on the issue of the validity of her lien.

WORSWICK, C.J., and MORGAN, J., concur.